The Honorable Jim Guy Tucker Lieutenant Governor State Capitol Little Rock, AR 72201
Dear Mr. Tucker:
This is in response to your request, as a member of the State Board of Election Commissioners, for an opinion on the following questions:
 1. May a company demonstrate and explain voting systems and devices to election officials prior to the certification of such device or system by the State Board of Election Commissioners?
 2. Are there standards other than those set forth in Section 7(b) of Act 77 of 1977, to be applied by the State Board of Election Commissioners in approving electronic voting systems and devices?
 3. Section 7 (b)(4) of Act 77 of 1977 requires that voting devices or automatic tabulating equipment cannot be approved unless "it shall comply with all other requirements of the election laws of this state so far as they are applicable." What other requirements of the election laws of the State are applicable to the approval of systems and devices by the State Board of Election Commissioners?
 4 Is the State Board of Election Commissioners subject to the Administrative Procedures Act in adopting rules and regulations pursuant to Section 7 of Act 77 of 1977?
 5. After election of the "four resident electors of this state" to the State Board of Election Commissioners, what steps are necessary to "qualify" these members? Is an oath required? What steps, if any, are necessary?
I assume that your first question pertains to a demonstration and explanation of voting systems to local election officials, such as members of a county board of election commisioners.[1]
Our research has not disclosed a prohibition in this regard. While it is clear that no voting machine or electronic voting device or system may be used in any election without the approval of the State Board of Election Commissioners, following an exhibition to the State Board (n. 1, supra), a prior demonstration to local election officials is not clearly proscribed. We must therefore conclude, in the absence of any other indication of legislative intent in this regard, that the answer to your first question is, generally, "yes," if the local officials agree to the demonstration.
It should be noted, however, that such a demonstration would not, in my opinion, satisfy the demonstration requirement under A.C.A. § 7-5-507 with respect to voting machines. Companies that obtain contracts to sell voting machines must ship them to the county board of election commissioners and must ". . . demonstrate the machine to the judges and clerks of the election" prior to the first election at which it is to be used. A.C.A. § 7-5-507(a) 
(b). It is my opinion that a demonstration and explanation of a voting machine prior to certification would not satisfy this requirement.
It must also be recognized that the State Board's review and approval of voting systems and devices is completely independent of any viewing by local election officials. A demonstration to local officials would have no bearing on or implications with respect to the State Board's review process.
The answer to your second question appears to be "no." The requirements are set out in A.C.A. § 7-5-606(e), and our research does not reveal any separate standards.
With regard to your third question, there are currently no requirements under the election laws pertaining specifically to the approval of electronic voting systems and devices other than those set forth in A.C.A. § 7-5-601 et seq.
In response to your fourth question regarding the applicability of the Administrative Procedures Act, please note that I have enclosed a copy of Opinion Number 90-118 wherein it was concluded that the act appears to be applicable to the State Board in its promulgation of rules. In my opinion, therefore, the answer to this question is "yes."
Your final question involves the "four (4) resident electors" on the State Board. A.C.A. § 7-4-101(a). These Board members are to be named by the Governor, Lieutenant Governor, Attorney General, Secretary of State, State Auditor, Treasurer of State, and the State Land Commissioner. Id. There are no provisions setting forth particular steps for qualifying these members. A determination must be made that they are resident electors of the state who do not hold an elective office. Id. They must be able to read and write the English language, and must not have been found guilty of or pled guilty or nolo contendere to the violation of any state election law. A.C.A. § 7-4-109(a)(1).
The constitutional officers' duty to appoint the "four (4) resident electors" reasonably encompasses the duty and responsibility to determine whether the qualifications are met. The constitutional officers could, it seems, establish procedures for qualifying these four members. Although the Arkansas Code does not outline any particular step, the Arkansas Constitution must be considered with regard to your question involving the requirement of an oath. The absence of an oath requirement in the Code may not be determinative in light of Article 19, section 20 of the constitution which requires that all civil and military officers take and subscribe to an oath. Although we cannot conclusively decide this issue, in the absence of legislative or judicial guidance, the oath requirement arguably extends to these members. It is therefore my suggestion that an oath be administered.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] A demonstration of voting machines and electronic voting devices and systems to the State Board of Election Commissioners is a prerequisite to certification. A.C.A. §§ 7-5-503 and7-5-606.